**FILED**
10:15 am Jan 05 2024
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD KENNETH PHILLIPS,** | ) | CASE NO. 1:23 CV 1799 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES FEDERAL** | ) | |
| **GOVERNMENT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Gerald Kenneth Phillips filed this *in forma pauperis* action against "United States Federal Government Local Cuyahoga County State of Ohio," "Cuyahoga County Sheriff Department U.S. Federal Local Government," the City of Parma Pilot Project, "Local U.S. Law Enforcement 2nd District Cleveland Police," and "City of Cleveland 4th District Cleveland Police." (Doc. No. 1). Plaintiff asks the Court to issue an order in his favor concerning social security benefits and order the defendants to stop harassing him, and he seeks $5,000,000 in compensatory relief.

**I. Background**

Plaintiff's complaint consists of a purported chronology of the events of his life from 2005 to the present. The exhibits attached to the complaint include numerous pages of medical records. Plaintiff lists several federal statutes in the complaint as the basis for jurisdiction, including 28 U.S.C. § 5001; 42 U.S.C. §§ 300, 1982, 1983, 1985, and 1997(e). In the statement of his claim, Plaintiff states that his "family domestic life was ruined" and his health "was

incinerated." He also states that every vehicle he owned has been stolen, medical bills destroyed his credit, he has had "broken bones" and "shattered dreams," "law officials" have "treded upon" his "Bill of Rights liberties," he has lost hope after finding his mother deceased, and "police interference" has caused him post-traumatic stress disorder. (Doc. No. 1 at 4).

In the body of the complaint, Plaintiff appears to allege that the defendants poisoned him with Covid-19, tuberculosis, and Hepatitis A and C. (*Id.* at 7). And he alleges that the "United States Government County Government" attempted to cause "vehicular or biological imminent harm or death to the life of a Christian born son of Cleveland, Ohio" and "possibly conspired to conceal that Gerald Kenneth Phillips is a surrogate name" and in actuality, Plaintiff may be a "1986 kidnapped Russian child." (*Id.* at 8). Throughout the complaint, Plaintiff refers to various alleged incidents involving Plaintiff and law enforcement, beginning with an arrest in December 2005 and concluding with a "default protection order being violently, aggressively enforced" by Cleveland Police in February 2023. (*Id.* at 21). And according to the complaint, Plaintiff was denied social security disability benefits "due to a parole warrant being issued prematurely." (*Id.* at 23).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990);

*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

This Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.* It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And merely listing  a defendant in the caption of the complaint, but raising no specific factual allegations against the defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

      Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8 as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Rule 8(a)(2). Rather, Plaintiff's complaint purports to be a story of his life, including the alleged wrongs that have been committed against him from 2005 to present day. The complaint fails to connect any alleged occurrence to any specific, cognizable injury, and Plaintiff fails coherently to identify how each defendant has harmed him.  Additionally, Plaintiff's pleading does not contain a decipherable

legal claim within the jurisdiction of the Court. Merely listing federal statutes as a basis for jurisdiction or a cause of action does not meet the federal pleading standard. This Court and the defendants are left to guess at basic elements of Plaintiff's purported claims. Therefore, Plaintiff's complaint fails to state a claim on which the Court may grant relief.

And to the extent Plaintiff is seeking judicial review of a Social Security decision, this Court lacks jurisdiction. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that after any final decision of the Commissioner of Social Security, an individual "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir.1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Neither of these requirements is evident on the face of Plaintiff's pleadings.

### IV. Conclusion

For the foregoing reasons, the Court dismisses this case pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**